UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS CORNELL
JACKSON #748757,

  Plaintiff,

v.

UNKNOWN LORENDO, et al.,

  Defendants.
_____/

Case No. 2:21-cv-00013

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

The Plaintiff in this case – state prisoner Douglas Cornell Jackson – filed this civil rights action pursuant to 42 U.S.C. § 1983.  He alleges that his rights were violated when Defendants retaliated against him while he was confined at the Baraga Maximum Correctional Facility.  (ECF No. 1.)

On December 16, 2021, a Report and Recommendation was issued on Defendants' motion for summary judgment based upon the claim that Jackson failed to exhaust his administrative grievance remedies.  (ECF No. 51.)  Jackson argued that Defendants thwarted his attempts to file grievances.  The Court adopted the recommendation to deny the motion because a genuine issue of fact exists as to whether Jackson had available administrative remedies.  (ECF No. 55.)

On June 16, 2022, the Court granted Defendants' motion for a bench trial to resolve the factual issues remaining on the issue of exhaustion of available administrative remedies and entered a Case Management Order (CMO) setting a final pretrial conference for September 6, 2022, and the bench trial for September 21, 2022. (ECF Nos. 89 and 90.)

Jackson filed motions to compel interrogatories and for production of documents, and to enforce certain aspects of the CMO. (ECF Nos. 99 and 103.) The Court held the final pretrial conference on September 6, 2022. During that conference, Jackson, who is now confined in the Ionia Maximum Correctional Facility, informed the Court that he was on a "paper restriction" and requested an adjournment of the bench trial. The Court discussed issues involving discovery with the parties, and instructed defense counsel to address the discovery issues presented by Jackson in a supplemental pleading and to work with Jackson by providing him documents he needed to prepare for the bench trial. The Court set a new conference for September 15, 2022, to resolve all the remaining issues. (ECF No. 108.) Defendants' response to Jackson's discovery issues and issues involving his paper restriction was filed on September 15, 2022. (ECF. No. 111.)

The Court held the telephonic status conference on September 15, 2022. Jackson and defense counsel appeared. Jackson interrupted this Magistrate Judge several times during the conference and was repeatedly told not to interrupt the Court. Jackson continued to interrupt the Court and repeatedly failed to comply with the orders of this Court. Jackson's behavior during the conference call forced

the Court to end the status conference before the issues could be fully addressed. Jackson's behavior indicated his unwillingness to participate in this case and his failure to prosecute this case. As a result, the undersigned respectfully recommends that the Court dismiss this case.

## II. Analysis

It is well settled that the Court has inherent authority to dismiss an action with prejudice for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). As the United States Supreme Court explained:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law, e.g., 3 Blackstone, Commentaries (1768), 295—296, and dismissals for want of prosecution of bills in equity, e.g., id., at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b), which provides, in pertinent part:
> "(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * *
> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."
> Petitioner contends that the language of this Rule, by negative implication, prohibits involuntary dismissals for failure of the plaintiff to prosecute except upon motion by the defendant. In the present case there was no such motion.
> We do not read Rule 41(b) as implying any such restriction. Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking

3

>relief. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Id.* (footnotes omitted).

In addition, to the inherent authority of the Court to control the docket, to expeditiously decide cases and to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b), Fed. R. Civ. P. 16 (f)(1) provides that sanctions including dismissal of the case may be imposed when either counsel or a party fails or refuses to appear at a scheduling or pretrial conference, fails to participate in the conference, or fails to obey a scheduling order or other pretrial order.

The Sixth Circuit set forth a four-factor test to determine whether dismissal of the case is appropriate:

>1) whether the party's failure is due to willfulness, bad faith, or fault;
>
>2) whether the adversary was prejudiced by the dismissed party's conduct;
>
>3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
>4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir.2001); *Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (dismissal affirmed after plaintiff failed to appear at two court ordered conferences.)

The Sixth Circuit has stated that "[w]hile none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or

4

contumacious conduct on the part of the plaintiff." *Mulbah,* 261 F.3d at 591. The Sixth Circuit has cautioned that without prior notice to a party that a case may be dismissed due to the failure to appear, attend, or participate in conferences and hearings, or to comply with Court orders, a sanction short of dismissal may be necessary. *Bowles v. City of Cleveland*, 129 F. App'x 239, 241–42 (6th Cir. 2005) (dismissal affirmed because counsel failed to attend status conferences); *Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988).

Jackson is an experienced litigant who on occasion has exhibited disruptive behavior such as exhibited in this case. Jackson is aware that he needs to comply with Court orders, and knows how to prepare his case. Unfortunately, Jackson's behavior in some of his cases establishes that he has no intention of taking the proceedings seriously or prosecuting the factual issues that remain in the case. Sometimes it appears that Jackson's sole intention is to pontificate about whatever issue comes to his mind in that moment, despite the lack of relevance to the current case and to be as disruptive as possible for as long as the Court will allow him to carry on. Jackson knows what he is doing and he knows that his failure to actively participate in his case could result in dismissal of the action.

For example, in *Jackson v. Kokko*, W.D. Mich. Case No. 2:18-cv-15, Jackson refused to attend a telephone status conference scheduled for April 23, 2020. (W.D. Mich. Case No. 2:18-cv-15, ECF No. 95.) On April 24, 2020, this Court issued an order explaining the delay that Jackson's refusal to attend the conference caused in that case. (W.D. Mich. Case No. 2:18-cv-15, ECF No. 96, PageID.1424.) In addition

5

to setting forth some of Jackson's extensive litigation history and ability to understand and litigate his numerous lawsuits, despite his contention otherwise, the Court's order warned Jackson specifically that his failure to participate in a future proceeding could result in a recommendation to dismiss for failure to prosecute. The Court stated:

> It is further noted that Jackson is warned that any future failure to participate in a Court scheduling proceeding, including any hearing or telephonic or video conference, without good cause may result in a recommendation to dismiss this case for failure to prosecute under Fed. R. Civ. P. 41.

(*Id.*, PageID.1424.)

In another case, *Jackson v. Coronado*, W.D. Mich. Case No. 2:18-cv-19, Jackson failed to attend motion hearings and refused to participate in litigating his case, which caused an unnecessary delay in the scheduling of a bench trial on the issue of exhaustion of administrative remedies. The Court dismissed Jackson's case due to his failure to prosecute that case. (ECF Nos. 103 and 104.)

Jackson has exhibited similar behavior in this case. Jackson does not appear to be interested in resolving the remaining issues in this case and he is not interested in addressing the remaining issues involving his ability to exhaust his administrative remedies.

Jackson is now focused on his recent paper restriction and repeatedly claims that he is being denied access to the courts. Despite his claim that his paper restriction is denying him access to the Courts, Jackson has filed motions in two other cases in this district. In *Jackson v. Perttu*, W.D. Mich. Case No. 2:21-cv-37, Jackson

recently filed a 6-page motion asking the Court to hold an evidentiary hearing and to determine that his August 23, 2022, paper restriction is unconstitutional. (W.D. Mich. Case No. 2:21-cv-37, ECF No. 57.) In addition, in *Jackson v. Davids*, W.D. Mich. Case No. 1:21-cv-1060, Jackson recently filed a 16-page motion to enforce 18 U.S.C. § 1512 due to acts of intimidation. (ECF No. 75.)

Furthermore, on September 15, 2022, Jackson filed a 4-page motion in this case to enforce the witness intimidation statute because he is being denied meaningful access to the Courts. (ECF No. 113.)

On August 30, 2022, in preparation for the bench trial on exhaustion in this case, defense counsel filed a Joint Statement that was not signed by Jackson. (ECF No. 105.) Defense counsel explained that Jackson was refusing to speak with anyone, so the parties were unable to prepare a Joint Statement. (ECF No. 105, PageID.470, 472.)

During the September 15, 2002 telephone conference, the Court attempted to resolve the remaining issues involving outstanding discovery requests before the September 21, 2022, bench trial. Jackson continued to be disruptive during the conference by repeatedly interrupting the Court and defense counsel. Jackson was repeatedly instructed to stop interrupting but he failed to comply with the orders of the Court. Jackson was not interested in discussing the remaining issues in this case and needed to be redirected to focus on the issues before the Court. Jackson refused to discuss the relevant issues and refused to actively participate in the

conference. The Court was forced to end the conference due to Jackson's behavior without fully resolving the remaining issues.

In Defendants' response to Jackson's motion to adjourn the bench trial and notice to the Court regarding trial preparedness, Defense counsel set forth the efforts made by counsel in providing Jackson with information he had requested to prepare for the bench trial. Jackson was provided multiple opportunities to access his legal documents, but he refused those opportunities. (ECF No. 111, PageID.487.) Defense counsel stated that she sent copies of Jackson's complaint, the Report and Recommendation addressing the motion for summary judgment on exhaustion, and a proposed Joint Statement to Jackson for his review at the prison. (*Id.*) Jackson was scheduled to review these documents in the prison on August 29, 2022. (*Id.*) Jackson was taken to the dayroom to review these documents, but after he arrived in the dayroom, he requested to use the bathroom. (*Id.* and ECF No. 107.) Jackson was taken back to his cell to use the cell bathroom. (*Id.*) Once in his cell he refused to return to the dayroom to review the documents. (*Id.*) Defense counsel again arranged for Jackson to review documents at the prison before the September 6, 2022, final pretrial conference. (ECF No. 111, PageID.488.) Jackson refused to review the documents. (*Id.*) After the September 6, 2022, conference defense counsel again arranged for Jackson to review relevant documents. Jackson again refused to review the documents. (*Id.*)

8

In the opinion of the undersigned, Jackson's behavior demonstrates that he is unwilling to prosecute this case, participate in Court proceedings, or follow the orders of this Court.

### III. Recommendation

Accordingly, based upon Jackson's continued and repetitive disruptive behavior, refusal to meaningfully participate in the final pretrial conference, and refusal to comply with the orders of this Court, causing unnecessary delay in this case and prejudicing Defendants, it is respectfully recommended that the Court dismiss this case for failure to prosecute.

It is further recommended that the Court deny as moot, Plaintiff's motions to compel interrogatories (ECF No. 99), motion to enforce the CMO (ECF No. 103), and motion for the Court to enforce the witness intimidation statute. (ECF No. 113.)

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   September 16, 2022                    /s/ *Maarten Vermaat*
                                               MAARTEN VERMAAT
                                               U.S. MAGISTRATE JUDGE